IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAREN EISEN                                                                                                                     PLAINTIFF

vs.                                            CIVIL NO. 05-2008

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Karen Eisen, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying her claims for disability insurance benefits (hereinafter "DIB"), and supplemental security income (hereinafter "SSI"), under the provisions of Titles II and XVI of the Social Security Act (hereinafter the "Act").

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on October 11, 2002, alleging an amended onset date of May 17, 1999,[1] due to Chiari-1 malformation;[2] osteoporosis;

---

[1] Plaintiff had filed previous applications for benefits on January 27, 1997, June 22, 1998, and February 4, 2002. (Tr. 19, 67-72). However, each application was denied at the initial level, and plaintiff did not appeal these decisions. (Tr. 19, 39-40). At the administrative hearing regarding this application, plaintiff's counsel requested that plaintiff's onset date be amended to May 17, 1999. This effectively reopened plaintiff's April 8, 2002, denial of benefits.

[2] Arnold-Chiari Malformation is a condition in which the cerebellum portion of the brain protrudes into the spinal canal. *See* National Institute of Neurological Disorder and Strokes, *Chiari Malformation Information Page*, *at* www.ninds.nih.gov. It may or may not be apparent at birth. *Id*. Arnold-Chiari I type malformation usually causes symptoms in young adults and is often associated with syringomyelia, in which a tubular cavity develops within the spinal cord. *Id*. Adults and adolescents who are unaware they have Arnold-Chiari I type malformation may develop headaches that are predominantly located in the back of the head and are increased by coughing or straining. *Id*. Symptoms of progressive brain impairment may include dizziness, an impaired ability to coordinate movement, double vision, and involuntary, rapid, downward eye movements. *Id*.

chronic bronchitis/asthma; chronic obstructive pulmonary disease; irregular heartbeat; headaches; and, pain in her hands, legs, and neck. (Tr. 18). An administrative hearing was held on June 19, 2003. (Tr. 415-476). Plaintiff was present and represented by counsel.

At the time of the hearing, plaintiff was forty years old and possessed a tenth grade education. (Tr. 19, 113). Her past relevant work ("PRW") was as a nurse's aide, nursing home aide, and fast food worker. (Tr. 19, 113).

On January 29, 2004, the Administrative Law Judge (hereinafter "ALJ"), issued a written decision finding that plaintiff's asthma/bronchitis, Chiari-1 malformation, headaches, and pain constituted severe impairments. (Tr. 26). However, he concluded that they did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity (hereinafter "RFC"), to perform sedentary work, limited by her ability to occasionally use stairs, ramps, stoop, crouch, kneel, crawl, or reach overhead. He also determined that she would be further limited regarding her ability to use ladders, ropes, scaffolds, and work around dust, fumes, pollutants, and extreme heat. (Tr. 26). Then, utilizing a vocational expert, the ALJ found that, although plaintiff could not perform her PRW, she maintained the ability to work as a cashier and assembler. (Tr. 25).

On December 10, 2004, the Appeals Council declined to review this decision. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Plaintiff and the Commissioner have both filed appeal briefs, and the case is now ready for decision. (Docs. # 7, 8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

In the present case, plaintiff presented additional medical evidence to the Appeals Council, which was considered prior to their denial of review. (Tr. 4-7). When the Appeals Council has considered new and material evidence and has, nonetheless, declined review, the ALJ's decision becomes the final action of the Commissioner. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

4

In the present case, plaintiff presented additional medical records documenting her treatment from September 2003, until June 2004. (Tr. 357-414). This evidence indicates that plaintiff was prescribed oxygen for home use, due to her moderate COPD and asthma. On June 30, 2004, Dr. C. Kent Wright, wrote a note indicating that plaintiff's oxygen saturation rate decreased when she exerted herself. (Tr. 398). Further, on June 14, 2002, plaintiff underwent a general physical exam as ordered by the Arkansas Disability Determination Service. (Tr. 408-414). The doctor diagnosed plaintiff with COPD, noted that she was on home oxygen, and assessed her limitations as being severe. (Tr. 414).

Had this information been presented to the ALJ, we believe that it would have impacted his determination concerning plaintiff's RFC. Clearly, the necessity of oxygen use when performing exertional activities would affect the types and number of positions a person is able to perform. Therefore, the case is remanded to the ALJ for consideration of this evidence.

We also note that the ALJ concluded that plaintiff's mental impairment was non-severe. An ALJ may consider an impairment to be non-severe only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and work experience were taken into account. *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis." *Id*. at 158.

The evidence reveals that plaintiff was prescribed Valium to treat anxiety/nervousness. (Tr. 190-195). Further, one of the additional medical records presented to the Appeals Council is a mental status examination conducted by Dr. Patricia Walz, as well as a mental RFC assessment. Because Dr. Walz's report indicates that plaintiff's ability to adjust to a job was only fair, as was her

ability to make personal-social adjustments, we believe that this evidence suggests that plaintiff's mental impairment was more than non-severe. We note that there are no other mental RFC assessments contained in the record. Accordingly, on remand, the ALJ is also directed to reevaluated plaintiff's mental impairment.

Additionally, after reviewing the entire record, it appears that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984.) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform the sedentary work, relied on an RFC assessment completed by a non-examining medical consultant. (Tr. 227-236). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

On remand, the ALJ should also define and discuss the impact plaintiff's diagnosis of Chiari-I malformation has on her ability to perform both the physical and mental requirements of work-related activities. We note that her neck pain and headaches have necessitated the use of Lorcet plus to treat her pain. As this is a narcotic pain medication, the ALJ should also address plaintiff's use of this medication, and any side effects that may result.

**<u>Conclusion:</u>**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this <u>9th</u> day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE